CORNELIUS BENNETT ET AL., Appellants, v. JAMES ZABRISKI, Appellee.

*January 21, 1880.*

ATTACHMENT. (*1*) *Pleadings in, description of parties: Variance.*
SAME. (*2*) *Writ, allegations of, traversable.*
SAME. (*3*) *Same, amendment.*

1. The plaintiffs must be described in substantially the same way in the affidavit, writ, and declaration in attachment. If different descrip-

tions are given in the affidavit and in the writ, it will not be presumed that the plaintiffs named in each are the same.

Thus, where the affidavit in attachment was in behalf of the firm of Bennett Bros. & Co., but did not show of what persons said firm was composed, and the writ of attachment was issued in favor of Cornelius Bennett, Joseph F. Bennett, and Henry Lesinsky, but did not show that these persons composed the firm of Bennett Bros. & Co., or any other firm, it was held that all proceedings founded upon such affidavit and writ were properly quashed upon motion by defendant.

2. A writ of attachment is traversable. Every material fact alleged in it may be denied, and trial had upon it without reference either to the petition or to the declaration, which cannot be relied upon to supply deficiencies in the writ.

3. In the absence of statutory authority so to do, a writ of attachment cannot be amended.

Appeal from the District Court, Grant county.

Plaintiffs sue defendant in an action of assumpsit, and sue out a writ of attachment which, among other things, states that the petitioners are Cornelius Bennett of Arizona, Joseph F. Bennett, of Grant county, and Henry Lesinsky, of Doña Ana county, in this territory. That said petitioners were doing business under the firm name and style of Bennett Bros. & Co., at Silver City in said county of Grant. And that the defendant James A. Zabriski, was a resident of the state of Texas.

The affidavit upon which the writ issued was as follows:

TERRITORY OF NEW MEXICO, } ss.
   COUNTY OF GRANT.

This day personally appeared before me, the undersigned clerk of the Judicial District Court within and for the county and territory aforesaid, Joseph F. Bennett, of the firm of Bennett Bros. & Co., and being duly sworn, says: That James A. Zabriski is justly indebted to the firm of Bennett Bros. & Co. in the sum of one hundred and eight dollars and seventy-eight cents, after allowing all just offsets

on account of goods, wares and merchandise sold and delivered, moneys lent and advanced, and account stated, and that the said James A. Zabriski is not a resident of, nor resides in, this territory.

J. F. BENNETT,

Sworn and subscribed.

Bond was given and approved. John P. Risque also made affidavit that the defendant was a non-resident of the territory.

Defendant entered a special appearance for the purpose of moving to quash the proceedings for the following reasons:

1st. The affidavit is made by one Joseph F. Bennett, but does not state for whom.

2d. It does not state to whom the defendant is indebted.

3d. It does not say that said indebtedness is due after allowing all just credits.

4th. It does not state that he has good reason to believe and does believe in the existence of the fact set forth as ground for issuing of attachment that the defendant is a non-resident.

5th. The writ does not set forth when, or where, or by whom the debts were contracted.

6th. The body of the writ does not set forth in what style the plaintiffs sue.

7th. And for other good and sufficient reason apparent upon the affidavit and writ.

This motion was by the court sustained, the writ of attachment quashed, the attachment dismissed, and judgment rendered on the merits of the case in favor of the plaintiffs.

*Conway & Risque* and *Catron & Thornton,* for appellants.

1st. Plaintiffs insist that the whole record can be examined to see for whom by whom the affidavit was made: Drake on Attachment, sec. 93. Failure to entitle the affidavit in the cause or failure to describe the persons who made it as plaintiffs, or the debtor named in it as defendant, does not make it bad: Drake on Attachment, sec. 92; *Chandler v. Riddle,*

6 Ast. (1 Eng.), 480; *Kenney v. Heard*, 17 Ast., 397; *Pool v. Webster*, 3 Metcalf (Ky.), 278.

2d. The affidavit does state to whom defendant is indebted; it says to Bennett Bros & Co., and the petition shows that Bennett Bros. & Co. are the plaintiffs. It states that the amount sworn to was due after allowing all just offsets, which are the exact words of the statutory form. The statute has prescribed a form for affidavits in attachment (Compiled Laws, sec. 216, page 25); and this affidavit is a substantial compliance with that form. The writ is also in compliance with the statutory requirements, and is good.

PARKS, Associate Justice: This was a proceeding by attachment, and a motion was made at the return term of the writ by the defendant's attorney, who appeared specially and for that purpose alone, and moved to quash the proceedings for several reasons stated in the motion. It is necessary to notice but one of these reasons.

The affidavit in this case was made in behalf of the firm of Bennett Bros. & Co., and does not show of what persons said firm is composed. The writ of attachment was issued in favor of Cornelius Bennett, Joseph F. Bennett and Henry Lesinsky, and does not show that said persons composed the firm of Bennett Bros. & Co., or any other firm.

It is laid down in Chitty's Pleadings, that, "It must be stated with certainty who are the parties to the suit, and therefore, a declaration by or against C., D. & Company, not being a corporation, is insufficient," and that, "Actions to be properly brought must be commenced and prosecuted in the proper Christian and surnames of the parties, and not in the name of the company or firm." By the statute of New Mexico the party bringing suit is required "to set forth the Christian and surname of both plaintiff and defendant." An affidavit in attachment is an important pleading. It is a declaration under oath by which property is taken

from a defendant before a judgment is obtained against him. It is traversable and every material fact stated in it may be denied and a trial upon it.

It must be sufficient in itself. The trial is had upon it without reference to the petition or declaration and we cannot look to the petition or declaration to supply its deficiencies. We cannot presume that the plaintiffs in the declaration, affidavit and writ are the same : they must be described in all these papers. For aught we can know from the affidavit and writ in this case, the parties mentioned in them may be very different.

We have no statute authorizing the amendment of an affidavit in attachment, and the judgment of the district court in sustaining the motion to quash the proceedings in this case must be sustained.

Judgment affirmed.